**Calvin K.R. MCCOY, Appellant,**

v.

**HESS OIL OF THE VIRGIN ISLANDS CORPORATION; United Steelworkers of America, AFL–CIO–CLC, District 35.**

No. 02–2838.

United States Court of Appeals, Third Circuit.

Argued April 29, 2003.

Decided June 20, 2003.

Ronald E. Russell (Argued), Frederiksted, St. Croix, USVI, for Appellant.

Linda J. Blair (Argued), C. Beth Moss, Bryant, Barnes & Moss, Christiansted, St. Croix, USVI, for Appellee Hess Oil of the Virgin Islands Corporation.

Glenn M. Connor (Argued), Whatley Drake, Birmingham, AL, Daniel M. Kovalik, David I. Goldman, United Steelworkers of America, Pittsburgh, PA, for Appellee United Steelworkers of America.

Before ROTH, McKEE, Circuit Judges, and COWEN, Senior Circuit Judge.

## OPINION OF THE COURT

McKEE, Circuit Judge.

Calvin McCoy appeals the district court's order granting summary judgment in favor of Hess Oil of the Virgin Islands Corporation ("HOVIC") and the United Steelworkers of America, District 35

("Union"). McCoy asserts that HOVIC improperly terminated his employment in violation of a collective bargaining agreement. He also alleges that the Union breached its duty of fair representation during the arbitration process.

McCoy's claims rely upon the framework enunciated by *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Under that framework, a plaintiff/employee can not recover on a hybrid § 301/fair representation claim unless he/she can first prove both that the employer breached the collective bargaining agreement and that the union breached its duty to fairly represent the employee.[1] *DelCostello*, 462 U.S. at 164–65. We review the district court's grant of summary judgment *de novo*. *Huang v. BP Amoco Corp*, 271 F.3d 560, 564 (3d Cir.2001). For the reasons that follow, we will affirm the decision of the district court.

## I.

Inasmuch as the district court has already set forth the factual and procedural history of this case, we find it unnecessary to repeat that history here. *See McCoy v. Hess Oil of the Virgin Islands Corp.*, 206 F.Supp.2d 726 (D.Vi.2002). Based upon our review of this record, and arguments of counsel, we conclude that the district court correctly applied the principles of Fed.R.Civ.P. 56 and the teachings of *DelCostello* in granting summary judgment against McCoy and in favor of HOVIC and the Union. Moreover, the district court, in its Memorandum Opinion and Order, has carefully and completely explained it rea-

sons for granting summary judgment to the defendants, and we can add little to that court's thoughtful analysis. Therefore we will affirm the decision of the district court substantially for the reasons set forth in the district court's Memorandum Opinion without further elaboration.

---

1. Section 301 refers to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The suit against the employer rests on § 301, because the employee is alleging a breach of the collective bargaining agreement. *DelCostello*, 462 U.S. at 164. The suit against the union is for breach of the union's duty of fair representation, which is implicit in the National Labor Relations Act. *Id.*